IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VIRAL DRM, LLC** § § § § | | **Civ. Action No. 4:24-cv-00016** |
| **Plaintiff,** § § | | |
| **V.** § § | | **JURY TRIAL DEMANDED** |
| **ELUSIVE WILDLIFE TECHNOLOGIES, LP** § § § § | | |
| **Defendant** § § § § | | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE H. ROSENTHAL:

Defendant, Elusive Wildlife Technologies, LP ("Defendant"), files its Original Answer to Plaintiff's Original Complaint (the "Complaint") as follows:

### INTRODUCTION

1.   Defendant is without knowledge as to the allegations in Paragraph 1 of Plaintiff's Complaint, and on that basis denies the same.

2.   Defendant is without knowledge as to the allegations in Paragraph 2 of Plaintiff's Complaint, and on that basis denies the same.

3.   Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.   Defendant contends that this is a conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

## PARTIES

7. Defendant is without knowledge as to the allegations in Paragraph 7 of Plaintiff's Complaint, and on that basis denies the same.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint to the extent Plaintiff alleges that Defendant is a Texas limited partnership with a principal place of business at 1107 West Dallas Street, Suite A, Conroe, Texas. Defendant denies the remainder of the allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9. Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that it has a principal place of business in Texas; Defendant contends that the remainder of the paragraph is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that it does business in this Judicial District; Defendant contends that that the remainder of the paragraph is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

**A.    Plaintiff's Alleged Copyright Ownership**

12. Defendant is without knowledge as to the allegations in Paragraph 12 of Plaintiff's Complaint, and on that basis denies the same.

13. Defendant is without knowledge as to the allegations in Paragraph 13 of Plaintiff's Complaint, and on that basis denies the same.

14. Defendant is without knowledge as to the allegations in Paragraph 14 of Plaintiff's Complaint, and on that basis denies the same.

15. Defendant is without knowledge as to the allegations in Paragraph 15 of Plaintiff's Complaint, and on that basis denies the same.

16. Defendant is without knowledge as to the allegations in Paragraph 16 of Plaintiff's Complaint, and on that basis denies the same.

17. Defendant is without knowledge as to the allegations in Paragraph 17 of Plaintiff's Complaint, and on that basis denies the same.

18. Defendant is without knowledge as to the allegations in Paragraph 18 of Plaintiff's Complaint, and on that basis denies the same.

19. Defendant is without knowledge as to the allegations in Paragraph 19 of Plaintiff's Complaint, and on that basis denies the same.

20. Defendant is without knowledge as to the allegations in Paragraph 20 of Plaintiff's Complaint, and on that basis denies the same.

21. Defendant is without knowledge as to the allegations in Paragraph 21 of Plaintiff's Complaint, and on that basis denies the same.

22. Defendant is without knowledge as to the allegations in Paragraph 22 of Plaintiff's Complaint, and on that basis denies the same.

B. **Defendant's Alleged Infringing Activity**

23. Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint. Defendant denies that it is responsible for all content on the social media accounts.

24. Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint. Defendant denies that it is responsible for all content on the social media accounts.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that it has received a single payment from Meta totaling $226.57 for a five-month period from August 2023-December 2023, otherwise, Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint to the extent that the date is incorrect. Otherwise, admit.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint to the extent that the date is incorrect. Otherwise, admit.

29. Defendant admits the allegations contained in Paragraph 29 to the extent that a video was displayed on its Facebook and Instagram accounts, otherwise deny.

30. Defendant is without knowledge as to the allegations in Paragraph 30 of Plaintiff's Complaint, and on that basis denies the same.

31. Defendant admits the allegations contained in Paragraph 31 to the extent that a video was displayed on its Facebook and Instagram accounts, otherwise deny.

32. Defendant contends that this is a conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant is without knowledge as to the allegations in Paragraph 33 of Plaintiff's Complaint, and on that basis denies the same.

34. Defendant admits the allegations contained in Paragraph 34 of Plaintiff's Complain to the extent it is in charge of selecting the content to be shared on its social media accounts.

35. Defendant admits the allegations contained in Paragraph 35 to the extent that a video was displayed on its Facebook and Instagram accounts, otherwise deny.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits the allegations set forth in Paragraph 38 of Plaintiff's Complaint to the extent that Defendant has the ability to control its social media accounts, otherwise deny.

39. Defendant admits the allegations set forth in Paragraph 39 of Plaintiff's Complaint to the extent that Defendant monitors its social media accounts, with no specificity as to the frequency of such monitoring.

40. Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint as the phrase "a large number of people" is undefined.

43. Defendant admits the allegations set forth in Paragraph 43 of Plaintiff's Complaint to the extent that Defendant has the ability to control its social media accounts, otherwise deny.

44. Defendant is without knowledge as to the allegations in Paragraph 44 of Plaintiff's Complaint, and on that basis denies the same.

45. Defendant is without knowledge as to the allegations in Paragraph 45 of Plaintiff's Complaint, and on that basis denies the same.

46. Defendant is without knowledge as to the allegations in Paragraph 46 of Plaintiff's Complaint, and on that basis denies the same.

## FIRST COUNT - DIRECT COPYRIGHT INFRIGNEMENT

47. Defendant incorporates and restates herein its above responses to contained in the preceding paragraphs, as though set forth in full herein.

48. Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint

52. Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint

53. Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint

54. Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint

55. Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint

56. Defendant denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint

## JURY DEMAND

57. Defendant admits that Plaintiff has demanded a jury trial on all issues.

## PRAYER FOR RELIEF

Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in the unnumbered paragraph, including all subsections, under heading Prayer for Relief in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES BY DEFENDANT

Defendant may rely upon the following affirmative defenses, subject to amendment based upon discovery.

1. Plaintiff fails to state a claim against Defendant on which relief can be granted.

2. Plaintiff's claims are barred because Plaintiff does not own the "Video."

3. Plaintiff's claims are barred because Plaintiff lacks standing to bring this action.

4. Plaintiff's claims are barred because the alleged "written assignment agreement," if any, does not contain explicit language assigning the Video and the rights therein to Plaintiff.

5. Plaintiff's claims are barred because it has not demonstrated the Video referenced in the Complaint is the same as it is allegedly registered with the US Copyright Office.

6. Plaintiff's claims are barred because Defendant did not "display" the Video as defined under 17 U.S.C. §106(5).

7. One or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

8. Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

9. Plaintiff's action is barred by the doctrine of equitable estoppel.

10. Plaintiff is barred by 17 U.S.C. §412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of Plaintiff's alleged work.

11. Defendant has not committed any act of copyright infringement under the Copyright Act or otherwise.

12. At all times relevant to Plaintiff's claims, Defendant's conduct was innocent, in good faith, and lacked any wrongful intent. Moreover, Defendant did not have actual or constructive knowledge of Plaintiff's alleged rights and Defendant had no reason to believe that its alleged acts constitute infringement, if any.

13. Defendant reserves all affirmative defenses under Rule 8 (c) of the Federal Rules of Civil Procedure, and any other defenses at law or in equity that may not exist or in the future exist based on discovery and further investigation of this case.

14. Plaintiff's claims are barred because Plaintiff's own act or omissions caused or contributed to Plaintiff's alleged injuries, and any recovery should be reduced or diminished to the extent Plaintiff's conduct caused or contributed to any injury Plaintiff may have incurred.

15. Plaintiff's claims are barred because Plaintiff did not incur any damages.

16. Plaintiff's claims are barred because Defendant did not receive any profits from its alleged conduct.

17. Plaintiff's claims are barred because any profits are not attributable to the Video.

18. Plaintiff's claims are barred, in whole or in part, because the injuries it claims and damages it seeks are nonexistent, speculative, lack specificity, are not of the nature or to the extent alleged, are not recoverable for the claims asserted, and were not the foreseeable result of Defendant's alleged conduct.

## CONCLUSION AND PRAYER

Defendant prays that Plaintiff takes nothing by way of the Complaint, for dismissal of Plaintiff's action with prejudice, that this Court grant Defendant its fees, costs, and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendant may be justly entitled.

Respectfully submitted,

**THE STRONG FIRM P.C.**

*/s/ Zachary W. Doninger*
**BRET STRONG**
Texas Bar No. 00795671
bstrong@thestrongfirm.com
**KELLY S. SULLIVAN**
Texas Bar No. 24131106
ksullivan@thestrongfirm.com
**ZACHARY W. DONINGER**
Texas Bar No. 24129542
SDTX Bar No. 3804761
zdoninger@thestrongfirm.com
Two Hughes Landing
1790 Hughes Landing, Suite 200
The Woodlands, Texas 77380
Phone:   281.367.1222
Fax:   281.210.1361

**ATTORNEYS FOR DEFENDANT**
**ELUSIVE WILDLIFE TECHNOLOGIES, LP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing counsel(s) of record.

/s/ *Zachary W. Doninger*
Zachary W. Doninger